UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RODERICK F. EASTERLING,

    Plaintiff,

v.                               Case No: 2:17-cv-441-FtM-29MRM

U.S. DEPARTMENT OF COMMERCE,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #19) filed on March 12, 2018. Plaintiff filed a Response to the United States of America's Motion to Dismiss (Doc. #24) on April 23, 2018. For the reasons stated below, the motion is granted, with leave to file an amended complaint.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief

above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

**II.**

A pleading drafted by a party proceeding *pro se* or unrepresented party is held to a less stringent standard than one drafted by an attorney. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id. In other words, *pro se* status will not salvage a complaint that is devoid of facts supporting the plaintiff's claims.

Plaintiff's Complaint as currently pleaded is not sufficient, and is unclear as to the causes of action he intends to assert. It appears that plaintiff's underlying claim is race and age discrimination in violation of Title VII of the Civil Rights Act of 1964 in connection with the failure of defendant to hire him for the Census Bureau. Plaintiff alleges that he is African-American, and that he applied for positions with the Census Bureau, but nothing further. There are no facts articulated to support a plausible claim of discrimination. Plaintiff did allege facts in

his complaint to the agency, so while this claim will be dismissed the Court will allow plaintiff the opportunity to amend.

Plaintiff also seems to complain about his treatment in a class action case in New York which was settled. If plaintiff intends for these allegations to constitute a separate cause of action, they fail to do so. It is not clear how a Florida district court would have authority to effectively serve as an appellate court to review the decisions of the New York court, or how the U.S. Department of Commerce would have any liability for what plaintiff perceives to be a due process violation. Nonetheless, if plaintiff does intend to state such a claim, the Court will allow him to do so in the amended complaint.

Pursuant to Federal Rule of Civil Procedure 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances" Fed. R. Civ. P. 10(b). Further, each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count." Id. If available, supporting documents should be attached as exhibits to the amended complaint. For additional resources and assistance, plaintiff may wish to consult the "Proceeding Without a Lawyer" resources on filing a *pro se* complaint that are provided on the Court's website, at http://www.flmd.uscourts.gov/pro_se/default.htm. The website has tips, answers to frequently-asked questions, and sample forms.

There is also a link that, through a series of questions, may help Plaintiff generate the amended complaint.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #19) is **GRANTED** and the Complaint is **dismissed without prejudice** to filing an Amended Complaint.

2. Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of this Opinion and Order.  **The failure to file an amended complaint will result in the closure of the case without further notice.**

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of May, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record

4