UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RODERICK F. EASTERLING,

    Plaintiff,

v.                          Case No: 2:17-cv-441-FtM-29MRM

U.S. DEPARTMENT OF COMMERCE,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss Amended Complaint (Doc. #27) filed on June 26, 2018. Plaintiff filed a Response (Doc. #28) on July 9, 2018.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

Plaintiff filed a Brief in Support of Motion for Leave to Amend Complaint (Doc. #26), which has been construed as plaintiff's Amended Complaint. Plaintiff Roderick F. Easterling is an African

2

American who holds a Masters in Business Administration and a Bachelors in Business Management, who was a government employee for 8 years, and who was honorably discharged from the military.

In 2010, the United States Census Bureau, of the United States Department of Commerce (Census Bureau or the Agency), hired over one million temporary works to conduct the 2010 census. Plaintiff was an applicant for 7 positions within the Census Bureau. The application process required any applicants who had been arrested to produce official documentation within 30 days, regardless of its nature or age, creating a significant adverse impact upon African Americans and Latinos. This requirement eliminated 93% of the applicants from consideration. Of those that did satisfy the 30 day requirement, none were hired because all available positions had been filled during the delay.

On October 28, 2008, plaintiff filed an EEOC complaint of racial and age discrimination with the Census Bureau (administrative complaint). On April 13, 2010, a class action was filed in the Southern District of New York (New York court) alleging that the Census Hiring and Employment Check criminal background check process used to screen for temporary employment had a disparate impact on protected groups. On May 21, 2010, the Office of Civil Rights notified plaintiff that his administrative complaint appeared to contain similar allegations to those in the

class action. Plaintiff's administrative complaint was held in abeyance by the Agency because the claims appeared similar. On June 27, 2012, the EEOC Office of Federal Operations issued a decision vacating the Agency's final decision on plaintiff's administrative complaint pending the outcome of the civil action in the New York court.

On July 1, 2014, the New York court certified a class "limited to African-American applicants who sought temporary employment during the 2010 Decennial Census and was caused harm by the unlawful Census Bureau's 30 Day Letter Adjudication Criteria." In October 2014, the class was amended to include Latinos.

On April 19, 2016, the parties in the class action entered into a settlement agreement. On April 22, 2016, the New York court granted preliminary approval of the settlement, conditional certification for damages, approval of the proposed notice and procedures, and set a schedule for final approval. On July 20, 2016, plaintiff was told that his administrative complaint would be void because of the New York court settlement. Plaintiff was not contacted about the class action, and he was informed that the person responsible for contacting him was on leave. On August 4, 2016, Adam A. Chandler, an employee of the Census Bureau, sent a letter to that responsible person stating that plaintiff was on the list of individuals who needed to be notified, and contacted

4

in writing, to be told that they should contact the class administrator. (Doc. #26-1.)

On September 18, 2016, plaintiff himself called the Office of Federal Operations and was told that the responsible person was on leave again, and that plaintiff had 24 hours to opt-in. Plaintiff was not contacted within a reasonable time by class administrators, causing alleged due process violations. On September 20, 2016, the New York court granted final approval of the class action settlement. On December 12, 2016, the Agency notified plaintiff that the time for filing an appeal from the New York court's order had expired, and that any administrative complaints held in abeyance could be closed, except for any opt-outs. On May 5, 2017, plaintiff's administrative complaint was dismissed.

Plaintiff alleges that he was not hired because of a "negative suitability determination" report, which resulted in his criminal history being disclosed when checked against the FBI criminal database, and that his age and race were also being considered. Based on the report, plaintiff was found to be not suitable for employment regardless of the nature or gravity of the criminal offense, or the time that had passed since the conviction. Plaintiff alleges economic losses from the Agency's failure to hire him to any position, including increased pay, pension, and benefits, and emotional and physical stress from the unlawful

5

treatment he received.  Plaintiff alleges that the process used by the Census Bureau violated his rights based on his race. Specifically, plaintiff challenges the criteria used by the Census Bureau, the screening practices that were intentionally discriminatory, and the disproportionate impact that precluded him from consideration for employment.  Plaintiff states that he timely exhausted and received his right to sue letter from the EEOC, and that he is entitled to relief under Title VII.  Plaintiff seek $600,000 in compensatory damages, including lost wages and benefits, $2 million in liquidated damages, $2 million in punitive damages, back pay in the amount of $700,000, fees and costs in the amount of $850,000, and injunctive relief.

### III.

Defendant argues a failure to state a claim of disparate impact and disparate treatment, that plaintiff has not articulated a due process claim, and that plaintiff's claims are barred by res judicata.  In his response, plaintiff argues that he has established a prima facie case.

**A. Title VII Claims (Disparate Treatment and Impact)**

Title VII of the Civil Rights Act of 1964 prohibits intentional discrimination in employment on the basis of race, also known as "disparate treatment", and the Civil Rights Act of 1991 prohibits practices "that are not intended to discriminate

6

but in fact have a disproportionately adverse effect on minorities", also known as "disparate impact". Ricci v. DeStefano, 557 U.S. 557, 577, 578(2009). To establish a prima facie case of disparate treatment, plaintiff must establish that he is a qualified member of a protected class who was subjected to an adverse employment action, and "the employer treated similarly situated employees outside of [his] class more favorably." Stinson v. Pub. Serv. Tel. Co., 486 F. App'x 8, 10 (11th Cir. 2012). Plaintiff must also show that defendant had a discriminatory intent or motive. Watson v. Fort Worth Bank & Tr., 487 U.S. 977, 986 (1988). To show disparate impact, a plaintiff can establish a prima facie case by showing that the employer "uses 'a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin.'" Ricci, 557 U.S. at 578 (quoting 42 U.S.C. § 2000e–2(k)(1)(A)(i)). These are "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977).

Defendant argues that plaintiff cannot make a prima facie case of disparate treatment because no similarly situated comparators are identified. Plaintiff alleges that he was qualified for the positions with the Census Bureau; that he is an

7

African-American and therefore a member of a protected class; that he applied for positions with the Census Bureau but was not hired due to discriminatory factors in hiring that were known to favor non-African Americans. Plaintiff alleges that the protected class was treated differently and in large numbers, and it was done with motive or intent because the EEOC had notified the Census Bureau that the screening process being used could have a racially discriminatory impact if not corrected.

A plaintiff can set forth his case indirect, circumstantial evidence, and by use of comparators. Chapter 7 Tr. v. Gate Gourmet, Inc., 683 F.3d 1249, 1255 (11th Cir. 2012). The failure to produce a comparator will not "necessarily doom the plaintiff's case." Id. With the additional facts, the Court finds that plaintiff can state a plausible cause of action for disparate treatment at this stage of the proceedings, and Amended Complaint should not be dismissed.

Defendant argues that plaintiff failed to identify a facially neutral employment practice that had a disparate impact on plaintiff. Plaintiff alleges that the United States Census Bureau utilized discriminatory employment practices that caused a disproportionate impact on African-Americans and Latinos because they are incarcerated at a higher rate and statistically would be eliminated from consideration at a higher rate. Plaintiff also

alleges that the criminal background checks cannot be justified by business necessity as they were broad and without parameters based on the nature or age of the convictions. Although not the model of clarity, the Amended Complaint states a plausible claim for disparate impact at this stage of the proceedings.

**B. Due Process Claim and Res Judicata**

Defendant argues that plaintiff's due process claim should be dismissed for failure to state a claim because plaintiff has not addressed this Court's authority to review the class action in the Southern District of New York, or how defendant could be held liable. Plaintiff continues to assert a violation of his due process rights by collaterally attacking the failure to receive adequate notice of the class action settlement. "Absent class members can collaterally challenge the res judicata effect of a prior class judgment . . . because there was not adequate notice." Juris v. Inamed Corp., 685 F.3d 1294, 1313 (11th Cir. 2012) (citations omitted). "The notice provisions of Rule 23, which are meant to protect the due process rights of absent class members, set forth "different notice requirements to different kinds of cases and even to different phases of the same case." Juris v. Inamed Corp., 685 F.3d 1294, 1317 (11th Cir. 2012) (citations omitted). Actual receipt of notice by each individual class member

is not required.  Juris v. Inamed Corp., 685 F.3d 1294, 1321 (11th Cir. 2012).

Defendant relies on information outside the four corners of the Amended Complaint to argue that due process and adequate notice were provided, and to argue that plaintiff is foreclosed by the settlement and dismissal of the litigation in New York.  The court in the Southern District of New York found that the notice scheme was the "best notice practicable", but this does not refute plaintiff's argument that he was not a member of the class, and failed to receive timely notice to allow him to make a decision to formally opt-in or opt-out of the final settlement.

The Court cannot make any conclusive determination at this stage of the proceedings that res judicata applies to foreclose plaintiff's Title VII claims, or that he received procedural due process.  Therefore, the motion will be denied as to the argument of res judicata.

As previously stated, it is not immediately clear that this is the proper venue for a due process claim based on the New York court's findings.  The Court finds that plaintiff cannot present a due process violation in this stand-alone case filed in the Middle District of Florida.  The due process claim will be dismissed without prejudice to seeking relief in the Gonzalez case.

**IV.**

The Court finds that the filing of a Second Amended Complaint would be appropriate so that the due process claim is eliminated, and plaintiff's causes of action are more clearly set forth in counts. Pursuant to Federal Rule of Civil Procedure 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances" Fed. R. Civ. P. 10(b). Plaintiff should refrain from restarting the numbering in the various sections of the second amended complaint so that he starts at paragraph 1 on the first page and ends with the last paragraph on the last page of the second amended complaint. Further, each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count." Id. For examples, plaintiff should set forth his disparate treatment and disparate impact claims in separate counts.

For additional resources and assistance, plaintiff may wish to consult the "Proceeding Without a Lawyer" resources on filing a *pro se* complaint that are provided on the Court's website, at http://www.flmd.uscourts.gov/pro_se/default.htm. The website has tips, answers to frequently-asked questions, and sample forms. There is also a link that, through a series of questions, may help Plaintiff generate the amended complaint.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Amended Complaint (Doc. #27) is **GRANTED IN PART AND DENIED IN PART**. The due process claim in the Amended Complaint is dismissed without prejudice. The motion is otherwise denied. Plaintiff shall file a Second Amended Complaint, without the due process claim and pursuant to the directives above, within **THIRTY (30) DAYS** of this Opinion and Order. Defendant shall file an answer to the remaining Title VII claims within **THIRTY (30) DAYS** of the filing of a Second Amended Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of October, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record