UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RODERICK F. EASTERLING,

    Plaintiff,

v.                            Case No: 2:17-cv-441-FtM-29MRM

WILLIAM ROSS, Secretary,
U.S. Department of Commerce,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Under 28 U.S.C. § 1915(e)(2)(A) (Doc. #42) filed on April 11, 2019. Plaintiff filed a Brief Opposing Dismissal (Doc. #49) on May 31, 2019. Defendant seeks to dismiss the case pursuant 28 U.S.C. § 1915(e)(2)(A) based on misrepresentations and omissions of fact that render plaintiff's allegations of poverty untrue.

Plaintiff filed an Affidavit of Indigency (Doc. #2) on August 2, 2017, seeking to proceed *in forma pauperis*. Therein, plaintiff states that his date of last employment was 2010. Plaintiff identified a 2009 Mercedes CLK350 with $16,793 still owing and a monthly payment of $350 a month; $625.00 in total cash in hand; and a monthly rental expense of $1525. Plaintiff left blank paragraph 2.c, which required him to list "monies received during the last twelve (12) months into your hands, into banks, savings

and loan associations, prisoner accounts, other financial institutions, or other sources", including pensions, annuities, or life insurance, gifts or inheritances, stocks, or bonds. (Doc. #2, pp. 2-4.) Plaintiff signed and notarized the Affidavit under the following statement:

> **I UNDERSTAND** that any false statement(s) of a material fact contained herein may serve as the basis of prosecution and conviction for perjury or making false statements. **FURTHER, I CERTIFY** that all questions contained herein have been answered and are true and correct to the best of my knowledge and belief.

(Doc. #2, p. 5.) On August 21, 2017, the Magistrate Judge reviewed the Affidavit under 28 U.S.C. § 1915, and allowed plaintiff to proceed without prepayment of costs finding plaintiff was indigent. (Doc. #9.)

Defendant seeks to dismiss the Second Amended Complaint (Doc. #36) under subsection (A) of § 1915 based on plaintiff's deposition testimony taken on March 20, 2019. Under Section 1915(e),

> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that--
>
> **(A)** the allegation of poverty is untrue; or
>
> **(B)** the action or appeal--
>
> **(i)** is frivolous or malicious;
>
> **(ii)** fails to state a claim on which relief may be granted; or

> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). "The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." Attwood v. Singletary, 105 F.3d 610, 612 (11th Cir. 1997).

> The purpose of section 1915(d) is not to punish litigants whose affidavits contain insignificant discrepancies, but to weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth. [ ] A district court has the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty. [ ]. In the absence of a finding of bad faith misstatement of assets, litigiousness or manipulative tactics, however, dismissal with prejudice is not warranted. [ ].

Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990). The Eleventh Circuit "has held that dismissal with prejudice is an appropriate sanction in cases involving a bad-faith misstatement of assets." Id. 902 F.2d at 880 (citing Dawson v. Lennon, 797 F.2d 934, 935 (11th Cir. 1986) (dismissal with prejudice, although a last resort, is appropriate in cases involving bad faith)). The Court first determines whether "considering the facts as a whole", the inaccuracies by plaintiff would foreclose eligibility to proceed *in forma pauperis*. Camp v. Oliver, 798 F.2d 434, 438 (11th Cir. 1986).

During his deposition, plaintiff admitted that he owns a second Mercedes outright but he did not disclose it because "they only gave me one spot" and because it says "automobile" not "automobiles". (Doc. #42-1, p. 206.) Plaintiff did not disclose a $32,478.78 distribution he received in September 2016 from his 401(a). Plaintiff's reason was that it says payments, and he made a withdrawal and closed the account so it was "totally different." (Id., pp. 210-211.) Plaintiff argued that he did not receive the money because it went straight to "the car man" for the purchase of a Mercedes for his daughter. (Id., pp. 100, 213.) Plaintiff later admitted that the money had to be deposited into his bank account first and then it went to the car dealer. Plaintiff admitted that it was something that should have been disclosed. (Id., pp. 215-216.)

Plaintiff also admitted that he in fact did receive two payments from the family trust in the preceding 12 months before filing the Affidavit, $7,000 and $3,000. (Id., p. 209.) Plaintiff stated that he has two Rolls-Royces, a Model T, and some Cadillacs, plus "a lot of apartment buildings and houses and stuff" in the Easterling Peterkin Dudley trust, and he uses them in car shows. (Id., pp. 102, 104, 106.)

Plaintiff admitted he made an error in not including his VA disability benefits. (Id., p. 210.) Plaintiff stated that he

received almost $3,000 a month in VA benefits for each of the 12 months before the filing of the Affidavit. (Id., p. 217.) Plaintiff would not say that the facts in the affidavit were untrue, but rather "misrepresented." (Id.)

In his opposition to defendant's motion, plaintiff admits that he did not disclose the 401(a) distribution, or the VA benefits. Plaintiff argues that the distribution was a severance retirement payment, and that the VA disability payments are not taxable and "do not have to be reported as income or monies based on Federal law." Therefore, plaintiff argues that his allegation of poverty were true.

Based on the above established facts regarding plaintiff's income, the Court finds that indigent status would have been denied. Having so determined, the Court must next consider whether dismissal with prejudice is warranted. This requires a finding of bath faith in the filing of a false affidavit of poverty. Dawson v. Lennon, 797 F.2d 934, 935 (11th Cir. 1986). The Court cannot unequivocally say that the "misrepresentations" were made in bad faith. The Court will dismiss the case without prejudice but close the file. If plaintiff wishes to be heard on the merits, he may file a new case after paying the filing fee.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Dismiss Under 28 U.S.C. 1915(e)(2)(A) (Doc. #42) is **GRANTED** and the Second Amended Complaint is **dismissed** without prejudice to proceeding in a new case after paying the filing fee.  The Clerk shall enter judgment accordingly, terminate all deadlines and motions as moot, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of June, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record